UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| BRYANT DOWDY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00385-JPH-DLP |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner Bryant Dowdy was convicted of murder and robbery in Indiana in 2016. Mr. Dowdy now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He argues that his trial counsel was ineffective when he failed to move to dismiss the case under Indiana's successive prosecution statute, Ind. Code § 35-41-4-4. Because the state court reasonably applied federal law when it denied Mr. Dowdy's claim, his petition for a writ of habeas corpus is **denied** and a certificate of appealability will not issue.

## I.
## Background

Federal habeas review requires the Court to "presume that the state court's factual determinations are correct unless the petitioner rebuts the presumption by clear and convincing evidence." *Perez-Gonzalez v. Lashbrook*, 904 F.3d 557, 562 (7th Cir. 2018); *see* 28 U.S.C. § 2254(e)(1). On appeal from the denial of Mr. Dowdy's state petition for post-conviction relief, the Indiana Court of Appeals summarized the relevant facts and procedural history as follows:

> On December 16, 2012, Nishant Patel listed an iPhone for sale on Craigslist. Dominique Clanton showed the ad to Dowdy, and they decided to rob Patel. Dowdy texted Patel to say that he was interested in the phone, and they agreed to meet the following afternoon at an apartment complex.

1

On December 17, Dowdy and another man arrived at the apartment complex first, followed by Dominique and his cousin, Eric Clanton. Dowdy was armed with a shotgun. When Patel arrived at the arranged location, Dominique and the other man went to his car to talk to him. Dominique noticed that, in addition to the phone box, Patel had a handgun in his lap. They spoke about the phone and the selling price, and then, while Dominique and the other man pretended to gather money from their wallets, Dowdy approached the car with his shotgun pointed at Patel. Dowdy shot Patel in the face, killing him. When Dowdy, Dominique, and Eric met up later that night, Dominique saw the phone and Patel's handgun in Dowdy's possession.

The next day, Dowdy met Dominique and Eric because Eric had a buyer for the stolen phone. Dominique drove Eric's car to the meeting spot with Eric riding in the front passenger seat. Dowdy arrived on foot and got into the back seat behind Eric. Dowdy gave the phone to Eric and then shot both Eric and Dominique in the head. Dowdy got out of the car on the driver's side and ran. Dominique fell out of the car through the open door and yelled for help before he collapsed. A nearby driver called 911 after he heard the gunshots, saw Dowdy exit the car and run, and saw Dominique fall out of the car.

Indianapolis Metropolitan Police Department officers arrived at the scene and discovered Dominique on the road and Eric slumped over unresponsive in the front passenger seat of the vehicle. Officers discovered the iPhone in its box on the floorboard in front of Eric. Dominique had been shot in the back of the head, was transported by ambulance to the hospital, and survived. Eric suffered three gunshot wounds to his head and died as a result. The gun used to shoot Eric and Dominique was Patel's.

On January 14, 2013, the State charged Dowdy with murder, felony murder, and Class A felony robbery in the Patel case. On February 26, 2013, the State charged Dowdy with the murder of Eric and the attempted murder of Dominique in the Clanton case. Attorney Carl Epstein represented Dowdy in both cases.

The Clanton case went to trial first, with a jury trial beginning on April 27, 2015. The State filed a notice of intent to offer 404(b) evidence relating to the events of December 17, 2012, to show Dowdy's "motive for committing the crime under this cause where Eric Clanton and Dominique Clanton are victims." [Post-Conviction] Exhibits, Volume I at 32. The State argued that "the motive for the [Clanton case] is what happened on – is because of the robbery on the [Patel case]." Transcript [of Clanton Trial], Supplemental Volume at 7. Over Dowdy's objection that evidence from the Patel case was "extrinsic, that it's unrelated to this case," *id*. at 8, the trial court allowed the State to present evidence regarding the events of December 17, 2012, noting that "overall it's [the State's] theory of the case that the first [crime] is tied to the second," *id*. at 11. Dominique testified about the robbery on December 17 and the meeting with Dowdy on December 18. The jury found Dowdy guilty of the murder of Eric and the attempted murder of Dominique, and the trial court sentenced him to consecutive terms of fifty years for murder and twenty-five years for attempted murder.

> The Patel case went to trial on April 18, 2016. Again, the State filed a notice of intent to offer 404(b) evidence to show identity, motive, and intent, arguing the shootings of Eric and Dominique on December 18, 2012, were committed with "the sole purpose of covering up the shooting of [ ] Patel one day prior." [Post-Conviction] Exhibits, Vol. I at 16-17. The trial court allowed the State to admit the evidence. The State called Dominique to testify about the events of both December 17 and 18, and before his testimony shifted to the events of December 18, the trial court gave the jury the following admonishment:
>
>> Now the testimony of Mr. Clanton will be shifted at this point to events that took place ... the 18th of December, and those events are not to be considered by you for what happened. Certain elements the State is using to establish their theory of the case, and that is elements of corroboration and elements of identity to establish their case concerning what you've been hearing about.
>
> The Transcript [of Patel Trial], Volume I at 234-35. A jury found Dowdy guilty of all charges. The trial court entered judgment of conviction only for murder and robbery and sentenced Dowdy to a term of sixty years for murder and a concurrent term of four years for robbery. The trial court ordered Dowdy's sentence in the Patel case to be served consecutively to his sentence in the Clanton case.

*Dowdy v. State*, 141 N.E.3d 403, 2020 WL 596287, *1-2 (Ind. Ct. App. 2020) (in the record at dkt. 7-13).

Mr. Dowdy's conviction in the Patel case was upheld on direct appeal. *Id*. at *3. He filed a petition for post-conviction relief in state court alleging that his trial counsel was ineffective for failing to move to dismiss the case under Indiana's successive prosecution statute, Ind. Code § 35-41-4-4. The post-conviction court denied the petition, and Mr. Dowdy appealed. The Indiana Court of Appeals held that his counsel was not ineffective because his prosecution in the Patel case was not barred by the successive prosecution statute. *Dowdy*, 2020 WL 596287 at *8. The Indiana Supreme Court then denied his petition to transfer. Dkt. 7-15.

Mr. Dowdy filed the instant petition for a writ of habeas corpus on July 27, 2020. Dkt. 1. His only claim is that the Indiana Court of Appeals improperly denied his ineffective assistance of counsel claim.

3

## II.
## Applicable Law

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") directs how the Court must consider petitions for habeas relief under § 2254. "In considering habeas corpus petitions challenging state court convictions, [the Court's] review is governed (and greatly limited) by AEDPA." *Dassey v. Dittmann*, 877 F.3d 297, 301 (7th Cir. 2017) (en banc) (citation and quotation marks omitted). "The standards in 28 U.S.C. § 2254(d) were designed to prevent federal habeas retrials and to ensure that state-court convictions are given effect to the extent possible under law." *Id.* (citation and quotation marks omitted).

A federal habeas court cannot grant relief unless the state court's adjudication of a federal claim on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"The decision federal courts look to is the last reasoned state-court decision to decide the merits of the case, even if the state's supreme court then denied discretionary review." *Dassey*, 877 F.3d at 302. "Deciding whether a state court's decision 'involved' an unreasonable application of federal law or 'was based on' an unreasonable determination of fact requires the federal habeas court to train its attention on the particular reasons—both legal and factual—why state courts rejected a state prisoner's federal claims, and to give appropriate deference to that decision[.]"

4

*Wilson v. Sellers*, 138 S. Ct. 1188, 1191-92 (2018) (citation and quotation marks omitted). "This is a straightforward inquiry when the last state court to decide a prisoner's federal claim explains its decision on the merits in a reasoned opinion." *Id.* "In that case, a federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Id.*

"For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Id.* "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 102. "The issue is not whether federal judges agree with the state court decision or even whether the state court decision was correct. The issue is whether the decision was unreasonably wrong under an objective standard." *Dassey*, 877 F.3d at 302. "Put another way, [the Court] ask[s] whether the state court decision 'was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Id.* (quoting *Richter*, 562 U.S. at 103).

### III.
### Discussion

A criminal defendant has a right under the Sixth Amendment to effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). For a petitioner to establish that "counsel's assistance was so defective as to require reversal," he must make two showings: (1) that counsel rendered deficient performance that (2) prejudiced the petitioner. *Id.* "This inquiry into a lawyer's performance and its effects turns on the facts of the particular case, which must be viewed as of the time of counsel's conduct." *Laux v. Zatecky*, 890 F.3d 666, 673–74 (7th Cir. 2018) (citation and quotation marks omitted). "As for the performance prong, because it is all too easy

5

to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight, *Strickland* directs courts to adopt a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 674 (citation and quotation marks omitted). "The prejudice prong requires the defendant or petitioner to 'show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Laux*, 890 F.3d at 674 (quoting *Strickland*, 466 U.S. at 694).

Mr. Dowdy argues that his counsel should have moved to dismiss the Patel case after he was prosecuted separately in the Clanton case. Indiana Code § 35-41-4-4 provides that:

A prosecution is barred if all of the following exist:

(1) There was a former prosecution of the defendant for a different offense or for the same offense based on different facts.

(2) The former prosecution resulted in an acquittal or a conviction of the defendant or in an improper termination under section 3 of this chapter.

(3) The instant prosecution is for an offense with which the defendant should have been charged in the former prosecution.

Indiana Code § 35-34-1-9(a) states that multiple offenses can be charged in the same prosecution if they are "of the same or similar character, even if not part of a single scheme or plan; or [] are based on the same conduct or on a series of acts connected together or constituting part of a single scheme or plan."

When considering Mr. Dowdy's claim, the Indiana Court of Appeals recited the correct *Strickland* standard. *Dowdy*, 2020 WL 596287 at *4. It then analyzed the application of Indiana's successive prosecution statute and determined that it did not apply to Mr. Dowdy. *Id.* at *5-8. "A federal court cannot disagree with a state court's resolution of an issue of state law." *See Miller v. Zatecky*, 820 F.3d 275, 277 (7th Cir. 2016) (citations omitted).

Once the state court determined that the state statute did not apply to Mr. Dowdy, it was reasonable for it to conclude that his counsel had not performed deficiently when he failed to move to dismiss the charges against Mr. Dowdy based on the statute. *Dowdy*, 2020 WL 596287 at *8. The Seventh Circuit has long held that "[c]ounsel is not ineffective for failing to raise meritless claims." *Warren v. Baenen*, 712 F.3d 1090, 1104 (7th Cir. 2013); *Stone v. Farley*, 86 F.3d 712, 717 (7th Cir. 1996) ("Failure to raise a losing argument, whether at trial or on appeal, does not constitute ineffective assistance of counsel.").

Because the Indiana Court of Appeals reasonably applied federal law when it denied Mr. Dowdy's ineffective assistance of counsel claim, his petition for writ of habeas corpus must be **denied**.

## IV.
## Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In deciding whether a certificate of appealability should issue, "the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 137 S. Ct. at 773 (citation and quotation marks omitted).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a

7

final order adverse to the applicant." No reasonable jurist would disagree that Mr. Dowdy's claim is meritless. Therefore, a certificate of appealability is **denied**.

## V.
## Conclusion

Mr. Dowdy's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **denied**, and a certificate of appealability shall not issue.

Final Judgment in accordance with this decision shall issue.

**SO ORDERED.**

Date: 12/15/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BRYANT DOWDY
249409
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Tyler G. Banks
INDIANA ATTORNEY GENERAL
tyler.banks@atg.in.gov